Brent R. Baker (*admitted pro hac vice*)
Neil A. Kaplan (*admitted pro hac vice*)
Shannon K. Zollinger (*admitted pro hac vice*)
CLYDE SNOW & SESSIONS
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111
Telephone:  801-322-2516
Facsimile:  801-521-6280
brb@clydesnow.com
nak@clydesnow.com
skz@clydesnow.com

Jack W. Selden
Bradley Arant Boult Cummings LLP
One Federal Place
1819 5th Avenue North
Birmingham, Alabama  35203
Telephone:  205-521-8472
Facsimile:  205-521-8800
jselden@bradley.com

*Attorneys for Brian Robert Sodi*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN ROBERT SODI, CAPITAL FINANCIAL MEDIA, LLC, and LIST DATA SOLUTIONS, LLC,<br><br>Defendants. | MOTION TO STAY<br><br>(Oral Argument Requested)<br><br><br><br>Case No. 5:18-cv-00313-MHH |

Pursuant to Rule 7 of the Federal Rules of Civil Procedure, Defendants Brian Robert Sodi ("Sodi"), Capital Financial Media, LLC, and List Data Solutions, LLC (collectively, "Defendants"), respectfully move the Court for an order staying this matter pending resolution of the criminal case against Sodi in

{01363143-1 }

this District. (*See United States v. Sodi*, Case No. 5:18-CR-00056-KOB-HNJ, referred to herein as the "Related Criminal Case").

## I.   PROCEDURAL BACKGROUND

Plaintiff Securities and Exchange Commission ("Plaintiff") filed this civil case on February 26, 2018. (Doc. 1.) By and through counsel, Defendants executed waivers of service of the Complaint on May 4, 2018 (Doc. 13, Doc. 14, Doc. 15), such that Defendants' appearances via responsive pleadings are due on July 3, 2018. (*Id*.) Thus, no discovery schedule has been set and no discovery has occurred in this case.

An Indictment was filed against Sodi in the Related Criminal Case on February 22, 2018. (*See* Indictment, attached hereto as Exhibit A.) As set forth herein, the criminal charges in the Indictment consist of the same transactions and occurrences that comprise Plaintiff's Complaint in this case.

Prior to filing this Motion, Defendants requested that Plaintiff consent to a request to stay this proceeding pending resolution of the Related Criminal Case. Plaintiff's position was that it would not oppose the request, if the United States Attorneys' Office ("USAO") joined in the request. In turn, the USAO declined to join in a request to stay, but indicated that it would not oppose it or take a position. The USAO recently reiterated its position in a recent filing. (*See* Related Criminal Case, Government's Reply in Support of Motion for Protective Order, Doc. 44,

page 9, fn. 4, "The United States is not a party to the SEC's civil case, however, and therefore takes no position on whether a stay is appropriate in that case.")

Accordingly, Defendants file the present Motion to respectfully request that the Court stay this matter on the grounds set forth herein.

## II.   RELEVANT FACTUAL BACKGROUND

The Complaint in this case and the Indictment in the Related Criminal Case overlap factually and legally. First, both cases are premised on an alleged securities fraud involving "scalping."[1] (Compl. at ¶ 1; Indictment at ¶ 2.) Second, both cases allege that such conduct occurred during the same time period in 2013. (Compl. at ¶¶ 2, 3, 20; Indictment at ¶ 3.) Third, both cases allege that scalping occurred on the stock of companies Goff, Corp. (ticker name "GOFF") and Southern USA Resources, Inc. (ticker name "SUSA"). (Compl. at ¶ 3; Indictment at ¶¶ 13, 18- 33 (as to alleged scalping of SUSA stock), ¶ 40 (as to alleged scalping of GOFF stock).) Fourth, both cases allege that Sodi owned and controlled the entities Capital Financial Media, LLC, and List Data Solutions LLC, who are named as his

---

[1] Plaintiff describes "scalping" as when a defendant ". . . (i) acquires shares of a stock for his own benefit prior to recommending or touting that very stock to others, (ii) does not disclose in the tout the full details of his ownership of the shares and his plans to sell them, and (iii) proceeds to sell his shares following the tout's dissemination, and into the share price and trading volume increases triggered by his touting." (Compl. at ¶ 1.) The Indictment contains a similar description: "Scalping is a scheme and artifice to defraud in which a defendant obtains ownership of stock, recommends that others purchase the stock without disclosing the defendant's ownership and intention to sell, and subsequently sells the stock for his own benefit." (*Id*. at ¶ 2(a).)

co-defendants in this case, and caused these entities to promote the alleged scalping scheme. (Compl. at ¶ 2; Indictment at ¶ 2(c).)[2] Finally, both cases bring causes of action or charges that the alleged factual conduct violates securities laws. (Compl. at pp. 33-36; Indictment at pp. 16-19.)

## III.   ARGUMENT

### A.   Legal Standard

"No question exists that this court has the power to stay a civil proceedings due to an active, parallel criminal investigation." *SEC v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003). Specifically, "[w]here . . . the SEC brings a civil enforcement action that proceeds in a parallel with a related criminal proceeding, it is often appropriate to stay the civil action pending resolution of the criminal proceedings." *Id*. (quoting *SEC v. Tandem Management*, 2001 WL 1488218 (S.D.N.Y. 2001)). The court in *Healthsouth Corp.* further explained:

> In determining whether to stay a civil case, the court may consider a variety of factors, including the extent to which the defendant's Fifth

---

[2] The Complaint in this case alleges that Sodi's co-defendants have been in "inactive status" since 2013 (LDS) and 2016 (CFM). (Compl. at ¶¶ 17-18.) Indeed, while Sodi's co-defendants are not named parties to the Indictment, the government in both cases alleges that these entities were completely controlled and operated by Sodi as part of his "Penny Stock Promotion Platform" (Compl. at ¶ 3) to allegedly tout the "scalped" stock. Sodi, of course, is a defendant in this case and the Related Criminal Case. As such, according to the government's allegations in both cases that Sodi owned and controlled these entities, the reasons compelling a stay of this case as it pertains to Sodi individually should likewise extend to his co-Defendants. For example, it is anticipated that the SEC will seek testimony or discovery from Sodi purportedly in his capacity as the alleged owner of the co-defendants' behalf, but which may overlap or be indistinguishable from the factual conduct alleged against him individually.

{01363143-1 }                                                 4

>Amendment rights are implicated, the interest of the plaintiff in proceeding expeditiously with this litigation and the potential prejudice to the plaintiffs from delay, the burden any particular aspect of the proceedings may impose on the defendant, the efficient use of judicial resources, the interests of persons not parties to the civil litigation and the interest of the public in the pending civil and criminal litigation. [Internal citation omitted]. Other courts have added factors such as the extent to which the issues in the criminal and civil cases overlap, the status of the case, including whether the defendant has been indicted. [Internal citation omitted].

*Id.* at 1326.

### B.  This Matter Should Be Stayed Pending Resolution of the Related Criminal Case.

The circumstances of this case and the Related Criminal Case require a stay of this matter in the interests of justice and according to the factors considered by district courts in the Eleventh Circuit, as follows:

#### 1.  Overlap and status of the criminal case.

Of the factors set forth in *Healthsouth Corp.*, "[t]he degree to which the issues in the simultaneous civil and criminal proceedings overlap is the most important threshold issue in deciding whether the court should stay the civil proceeding." *Id*. at 1326. *See also SEC v. Rand*, No. 1:09-cv-01780-AJB, 2010 WL 11549601, at *5 (December 14, 2010) (same, quoting *Love v. City of Leavitt*, No. 2:09-cv-622, 2009 WL 2525371, *2 (M.D. Ala. August 17, 2009), and finding that this factor weighed in favor of stay where "[t]he government's criminal case and the SEC's civil case both implicate securities laws and involve similar issues").

Here, there is an almost complete overlap of the factual allegations in the Indictment in the Related Criminal Case and the Complaint in this case, and the USAO and SEC allege in both cases that Sodi (through his alleged control of his co-defendants in this case) violated securities laws under a purported "scalping" theory. (*Compare* Compl., Doc. 1 *and* Indictment, Ex. A; *see* "Relevant Factual Background," above.) Specifically, the two stocks identified in Plaintiff's Complaint as part of the alleged scheme–SUSA and GOFF–are both included in the factual allegations and charges of the Indictment. (*See id*.) Because the facts, issues and implicated securities laws are the same, the civil case is properly stayed. In addition, the status of the Related Criminal Case is such that Sodi has already been indicted. Defendants have not yet filed a responsive pleading to the Complaint under Fed. R. Civ. P. 12 in this case. Thus, this civil case has not proceeded to any extent that staying it would prejudice the parties.

The remaining factors cited in *SEC v. HealthSouth Corp*. also weigh in favor of a stay pending the outcome of the criminal case against Defendants:

### 2. Sodi's Fifth Amendment Rights

A stay is necessary to preserve Sodi's Fifth Amendment rights. A defendant's Fifth Amendment rights are violated when ". . . a defendant, who is a defendant in both a criminal and civil case, is forced to choose between waiver of testimonial privilege and automatic entry of an adverse judgment in a civil case."

*SEC v. Healthsouth Corp.*, 261 F. Supp. 2d at 1328 n.49. The complete overlap between this case and the Related Criminal Case renders this dilemma unavoidable. Moreover, even though Sodi's co-defendants are not defendants in the criminal case, if this case is not stayed as to <u>all</u> defendants, Sodi's Fifth Amendment rights will not be preserved. For example, Plaintiff may seek to compel Sodi to testify as to the same factual conduct alleged against him, but ostensibly on behalf of the corporate co-defendants in his alleged corporate capacity. *McAlister v. Henkel*, 201 U.S. 90 (1906) (The privilege against self-incrimination given by the Fifth Amendment is personal to the witness and cannot be invoked in favor of a corporation of which the witness is an officer or employee). Conversely, if Sodi invokes the privilege as a witness, he may prejudice the defense of his co-defendants. *See Healthsouth Corp.*, 261 F. Supp. 2d at 1327 (court was unable to accomplish its role to ensure fairness and ascertain truth ". . . as the witnesses who could testify as to the allegations in the SEC's complaint have refused to do so, by invoking their Fifth Amendment rights").

A stay is further required to fully protect Sodi's rights in defending the criminal case. The "denial of a stay could impair [a defendant's] Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case."

*Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). Indeed, as explained by the court in *Ex parte Ebbers*, 871 So. 2d 776, 788 (Ala. 2003):

> A civil party's Fifth Amendment right against self-incrimination cannot be adequately protected by requiring him simply to assert his right to remain silent when asked specific questions during a civil deposition; such an approach construes the Fifth Amendment too narrowly. The dangers in such an approach have been identified as including the possibility of a criminal investigator's being "planted" at the deposition, the revealing by the deponent of his weak points by his selection of which questions he refuses to answer, and the opportunity presented to a prosecutor of deriving, by a point-by-point review of the civil case, a "link in the chain of evidence" that would unconstitutionally contribute to the defendant's conviction in the criminal case.

(All internal citations omitted). Because the Related Criminal Case and the SEC's case here are based on identical alleged facts, this case must be stayed as to all Defendants to avoid an inevitable violation of Sodi's Fifth Amendment rights.

### 3.     Interests of Plaintiff and Burden on Defendants

Next, Plaintiff will not be prejudiced by the delay. "[I]n balancing the interests of the parties, we must favor the constitutional privilege against self-incrimination over the interest in avoiding the delay of a civil proceeding." *Ebbers*, 871 So. 2d at 788 (quoting *Ex parte Coastal Training Institute*, 583 So. 2d 979, 981 (Ala. 1991)). However, even without the courts giving greater weight to the Fifth Amendment privilege, because the SEC is a branch of the United States

Department of Justice, and both it and the USAO represent the federal government, their interests are one and the same and their cases will proceed consecutively without interruption. This is not a case of an individual who has been wronged and is awaiting restitution. *Healthsouth Corp.*, 261 F. Supp. 2d at 1327. Indeed, stays are particularly appropriate in parallel SEC enforcement actions. *Id.* at 1326.

Conversely, if this case is not stayed, the burden on Defendants would far outweigh any inconvenience to the SEC, because of the difficulty of defending the two cases simultaneously, prejudices that arise in parallel criminal and civil discovery proceedings, and the well-established dilemma of choosing between a full defense of the civil case and the Fifth Amendment privilege for purposes of the criminal case. *See Healthsouth Corp.*, 261 F. Supp. 2d at 1327 ("Although the plaintiff does have an interest in the expeditious resolution of this case, the court finds the harm to defendant [] from blindly pushing ahead with this matter to greatly outweigh the prejudice to the SEC from a stay of this civil proceeding.").

### 4. Interests of the Court

"A court may consider its interest in efficient administration and judicial economy." *Rand*, 2010 WL at *10 (internal quotation and citation omitted). This Court has an interest in staying this case, because it will promote efficiency in the judicial system by avoiding unnecessary duplication of testimony and discovery, conserving judicial resources, and potentially narrowing certain issues. *See, e.g.,*

*id*. (finding that court had interest in granting stay, because "[a]lthough stays delay civil proceedings, they may prove useful as the criminal process may determine and narrow the remaining civil issues") (internal citations and quotations omitted).

        5.      Public Interest

Finally, it is also in the public interest to stay the case pending the outcome of the criminal case. Focusing on one case at a time will be more efficient and economical for the court system and thus benefit the public, and the earlier-filed and weightier criminal case will be decided first. Moreover, it is in the public interest to ensure that the Court is able to fulfill its primary role in overseeing proceedings before it: "The court's role in a civil proceeding such as that before it is to ensure that fairness permeates the proceeding and to try to ascertain the truth." *Healthsouth Corp*., 261 F. Supp. 2d at 1327. The fairness and integrity of this matter will be severely compromised if Sodi's Fifth Amendment rights are violated by having to simultaneously defend this civil case and the Related Criminal Case.

**IV.   CONCLUSION**

In sum, considering the foregoing factors together overwhelmingly warrants a stay of this case until the Related Criminal Case is concluded. Defendants therefore request that the Court grant their Motion to Stay this case, pending the resolution of *United States v. Sodi*, Case No. 5:18-CR-00056-VEH-HNJ.

Respectfully submitted this this 25th day of June 2018.

/s/ Neil A. Kaplan
Neil A. Kaplan
Brent R. Baker
Shannon K. Zollinger
Jack Wright Selden
*Attorneys for Brian R. Sodi*

## CERTIFICATE OF SERVICE

      I hereby certify that on June 25, 2018, a true and correct copy of the foregoing Motion for Stay was electronically filed with the court, which sent notice of the filing to the following parties. Parties may access this filing through the court's system.

>Charles D. Stodghill
>stodghillc@sec.gov
>U.S. Securities and Exchange Commission
>100 F Street, NE
>Washington, DC  20549

>/s/ Michelle Carter