IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

_____
                                            :
SECURITIES AND EXCHANGE COMMISSION, :
                                            :
    Plaintiff,                              :
                                            :   NO.: 5-18-cv-00313-MHH
    v.                                      :
                                            :
BRIAN ROBERT SODI,                          :
CAPITAL FINANCIAL MEDIA, LLC, and           :
LIST DATA SOLUTIONS LLC,                    :
                                            :
    Defendants.                             :
_____:

## ORDER AND AMENDED FINAL JUDGMENT AS TO DEFENDANTS BRIAN ROBERT SODI, CAPITAL FINANCIAL MEDIA LLC, AND LIST DATA SOLUTIONS LLC

This matter is before the Court on the Joint Motion to Amend Final Judgment (Dkt. 34) filed by the Securities and Exchange Commission and defendants Brian Robert Sodi, Capital Financial Media LLC, and List Data Solutions LLC. The parties have asked the Court to amend the final judgment the Court entered in this case on April 16, 2020. (Dkt. 33). The parties have waived findings of fact and conclusions of law and waived their right to appeal from this amended final judgment.

Therefore, for good cause shown, the Court grants the parties' joint motion. The Court vacates the April 2020 judgment and substitutes this Amended Final

1

Judgment in its place.

I.

Pursuant to this amended final judgment, the defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by promoting the purchase of U.S. publicly traded or quoted stock without simultaneously disclosing the full details of (1) any plans or intentions to sell such stock within 30 days of such recommendation and (2) any compensation in shares of the stock being recommended.

Per Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this amended final judgment by personal service or otherwise:  (a) the defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the defendants or with anyone described in (a).

II.

Pursuant to this amended final judgment, the defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), by promoting the purchase of any U.S. publicly traded or quoted stock without simultaneously disclosing the full details of (1) any plans or intentions to sell such stock within 30 days of such recommendation

and (2) any compensation in shares of the stock being recommended.

Per Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this amended final judgment by personal service or otherwise:  (a) the defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the defendants or with anyone described in (a).

III.

Pursuant to this amended final judgment, the defendants, and any entity that each controls or with which each is affiliated, including but not limited to CFM and LDS, are permanently restrained and enjoined from directly or indirectly engaging in any activity for the purpose of inducing or attempting to induce the purchase or sale of any security; causing any person or entity to engage in any activity for the purpose of inducing or attempting to induce the purchase or sale of any security; or deriving compensation from any activity engaged in for the purpose of inducing or attempting to induce the purchase or sale of any security; unless that security is: (1) listed on a national securities exchange; and (2) has had a market capitalization of at least $50,000,000 for 90 consecutive days.

Per Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this amended final judgment by personal service or otherwise:  (a) the defendants' officers, agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with the defendants or with anyone described in (a).

IV.

Pursuant to this amended final judgment, the defendants are permanently restrained and enjoined from violating Section 17(b) of the Securities Act, 15 U.S.C. § 77q(b), by, directly or indirectly, using any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

Per Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this amended final judgment by personal service or otherwise: (a) the defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the defendants or with anyone described in (a).

V.

Pursuant to this amended final judgment, Mr. Sodi is permanently restrained

and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

Per Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this amended final judgment by

personal service or otherwise: (a) Mr. Sodi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mr. Sodi or with anyone described in (a).

## VI.

Pursuant to this amended final judgment, Mr. Sodi is permanently restrained and enjoined from violating Section 13(d) of the Exchange Act and Rule 13d-1, 15 U.S.C. § 78m(d) and 17 C.F.R. § 240.13d-1, by failing to file with the Commission a statement containing the information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101), within 10 days after acquiring directly or indirectly the beneficial ownership of more than five percent of any equity security of a class which is specified in Exchange Act Rule 13d-1(i), 17 C.F.R. § 240.13d-1(i).

Per Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this amended final judgment by personal service or otherwise: (a) Mr. Sodi's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Mr. Sodi or with anyone described in (a).

## VII.

Pursuant to this amended final judgment, the defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing

or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. 240.3a51-1.

VIII.

Pursuant to this amended final judgment, the defendants are jointly and severally liable for disgorgement of $1,012,054.71, representing their profits gained as a result of the conduct alleged in the Complaint in this action, together with prejudgment interest in the amount of $255,996.67, for a total of $1,268,051.38. This amount shall be offset by the order of $338,056.14 in forfeiture entered against Mr. Sodi in a related criminal case in the Northern District of Alabama, *United States v. Brian Robert Sodi*, Crim. No. 5:18-cr-56-KOB-HNJ (N.D. Al. 2018). The defendants shall satisfy the payment obligation in this amended final judgment by paying the remaining total balance of $929,995.24 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph IX below.

The defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The defendants also may pay by certified check, bank cashier's check, or United States postal money

order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; "Brian Robert Sodi, CFM and LDS" as defendants in this action; and specifying that payment is made pursuant to this amended final judgment.

The defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, the defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to them.

The Commission shall hold the funds until further order of this Court. The Commission may propose a plan to distribute the funds subject to the Court's approval, and the Court shall retain jurisdiction over the administration of distribution of the funds.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following

entry of this amended final judgment. The defendants shall pay post judgment interest on any amounts due after 30 days of entry of this amended final judgment pursuant to 28 U.S.C. § 1961.

IX.

The defendants shall pay the remaining total of disgorgement and prejudgment interest due of $929,995.24 in four installments to the Commission according to the following schedule: (1) $232,498.81, within 14 days of entry of this amended final judgment; (2) $232,498.81, within 90 days of entry of this amended final judgment; (3) $232,498.81, within 180 days of entry of this amended final judgment; and (4) $232,498.81, within 360 days of entry of this amended final judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of the amended final judgment. Prior to making the final payment set forth herein, Defendants shall contact the staff of the Commission for the amount due for the final payment.

If the defendants do not make a payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this amended final judgment, including post-judgment interest, minus any

payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

X.

Pursuant to this amended final judgment, the consent of each of the defendants is incorporated herein with the same force and effect as if fully set forth, and each defendants shall comply with all of the undertakings and agreements set forth herein.

XI.

For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Mr. Sodi, and any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due from Mr. Sodi under this amended final judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Mr. Sodi of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XII.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this amended final judgment.

**DONE** and **ORDERED** this January 31, 2023.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE